**David P. RICHMOND, Petitioner–Appellant,**

v.

**Calvin A. TERHUNE, Director, California Department of Corrections; and Bill Lockyer, Attorney General for the State of California, Respondents–Appellees.**

No. 02–15308.
D.C. No. CV–00–00300–WBB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided June 25, 2003.

Before T.G. NELSON, HAWKINS,

Circuit Judges, and ZILLY,* District Judge.

### MEMORANDUM**

David P. Richmond appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Because the parties are familiar with the facts, we will not recite them here.

■ The district court correctly rejected Richmond's ineffective assistance of counsel claim. Richmond has never substantiated his assertion that either Norguard's or Haight's testimony would have exonerated him, and evidence in the record contradicts his assertion. Thus, he cannot satisfy the strict standard the Anti–Terrorism and Effective Death Penalty Act imposes before it permits a court to allow an evidentiary hearing.[1] The evidence on the record does not establish that his counsel was ineffective for failing to call either witness.[2]

As for counsel's failure to move to suppress the gun, the record provides no basis for concluding that counsel's decision was unreasonable. Accordingly, Richmond has failed to meet the first prong of *Strickland v. Washington:*[3] deficient performance. Thus, we need not reach *Strickland*'s second prong, on which the district court based its decision: prejudice.[4]

■ Finally, the district court correctly concluded that the trial court's exclusion of

evidence that Officer Barnett, who found the gun, was under administrative investigation, was not error. Richmond can show no prejudice from the exclusion of the evidence.[5] Even assuming the investigation related to Officer Barnett's truthfulness and credibility, which is not clear from the record, the fact remains that Deputy Forsythe corroborated his testimony regarding the location of the gun. Thus, no prejudice resulted from the exclusion of the evidence.

AFFIRMED.

---

\* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 28 U.S.C. § 2254(e)(2). We reject Richmond's argument that § 2254(e)(2) does not apply to him. Even if the state courts rejected motions for evidentiary hearings, Richmond could have filed affidavits from the two

witnesses, thereby developing the factual basis for his claim. His failure to do so brings him within § 2254(e)(2)'s reach.

2. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Id.*

4. *Id.*

5. *See Karis v. Calderon,* 283 F.3d 1117, 1128–29 (9th Cir.2002).